**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT**

IN RE:

JEFFREY W. SHAW and VIOLA F. SHAW                                    Case No. 11-30032

MICHAEL E. LITZINGER, *solely in his capacity as Chapter 12 Trustee*
JEFFREY W. SHAW
VIOLA F. SHAW                                                                                 Plaintiffs

　　　　v.                                                                                        AP No. 11-3003

FARMERS DEPOSIT BANK                                                              Defendant

## MEMORANDUM OPINION

　　　　Plaintiffs Jeffrey W. Shaw and Viola F. Shaw filed this adversary proceeding to avoid a transfer of an interest in real property pursuant to a deed in lieu of foreclosure and to void provisions of a settlement agreement between the Shaws and Defendant Farmers Deposit Bank. The issue presented in the parties' cross-motions for summary judgment is whether real property owned by the Shaws was transferred prepetition thereby removing it from property of the bankruptcy estate. Farmers also argues this court lacks subject matter jurisdiction.

　　　　Entry of a summary decision is proper if the pleadings, discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56, FED. R. BANKR. P. 7056. Further, a summary decision is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Novak v. MetroHealth Medical Center*, 503 F.3d 572, 577 (6th Cir. 2007).

The record and the applicable law are sufficient to warrant a summary judgment in favor of Plaintiffs and against Farmers because the real property at issue was not transferred to Farmers and therefore is property of the bankruptcy estate.

The material facts are not in dispute. *See* Joint Stipulations of Fact, Doc. 19.

On February 8, 1993, the Shaws purchased an eighty acre farm located at 153 Garrett Road, Pleasureville, Kentucky for $80,000. The Shaws refinanced their loan on October 8, 2000, by signing a twenty-year promissory note in the amount of $340,000. The note was secured by a mortgage in favor of Farmers.

The Shaws' home, which was located on the farm, was destroyed by fire in 2001. The structure was not rebuilt because the Shaws lacked casualty insurance on the home.

On November 21, 2003, the Shaws filed a case under Chapter 13 of the Bankruptcy Code while a foreclosure action filed by Farmers was pending in the Henry County Circuit Court. Farmers sought relief from the automatic stay to foreclose on the real estate located at 153 Garrett Road. The Shaws entered into a settlement with Farmers prior to the closing of the Chapter 13 case.[1] Under the terms of the settlement, the Shaws gave a deed in lieu of foreclosure to an escrow agent.[2] The parties agreed the agent would deliver the deed in lieu to Farmers if the Shaws defaulted on making payments or failed to make the balloon payment per the terms of the settlement.

While the Shaws made all monthly payments, they did not make the balloon payment[3] and after sending a notice of default, Farmers requested the deed from the escrow agent.

---

[1] The Shaws completed all payments under the Chapter 13 plan and received discharges on June 3, 2009. *See* discharge order, Doc. 156, Case No. 03-30982.

[2] The escrow agent was Thomas L. Canary Jr., who now serves as Farmer's counsel in this proceeding.

[3] Paragraphs 1 and 2 of the settlement agreement between the Shaws and Farmers requires monthly payments in the amount $3,100, applied toward the agreed sum of $290,000, plus interest beginning in February 2009, and continuing for eighteen months with the last payment due at the end of the period.

Farmers received the deed in lieu around August 1, 2010, and its agent, Carroll Yates,[4] completed the consideration certificate on the deed. Yates signed the deed in lieu on behalf of Farmers on August 18, 2010. Farmers ordered a title examination and after finding intervening liens chose not to record the deed in lieu. Instead, Farmers revived the prepetition foreclosure action in the Henry County Circuit Court.

The actions of the parties related to the settlement and foreclosure are the basis for the claims made and defenses asserted in this adversary proceeding filed in connection with the Shaws' current bankruptcy case filed on January 21, 2011, under Chapter 12 of the Bankruptcy Code.

In this adversary proceeding Plaintiffs state the farm is necessary for an effective reorganization, the transfer of the Shaws' interest in the farm is avoidable under 11 U.S.C. § 544(a), and the farm should be preserved for the benefit of the bankruptcy estate. In support, Plaintiffs claim the portion of the settlement agreement requiring the execution and delivery of the deed in lieu to the escrow agent is a forfeiture not permitted under Kentucky law.

Plaintiffs further argue Farmers' receipt of the deed in lieu did not result in a merger of the mortgage into the deed, and after receiving the deed, Farmers improperly failed to credit any amount representing the value of the farm to the Shaws' outstanding loan obligation. Plaintiffs allege the transfer of the farm via the deed in lieu caused the Shaws to lose $18,000.00, representing the value of the principal reduction from the payments made prior to the default in the settlement agreement.

The Shaws request judgment against Farmers to avoid the transfer of the Shaws' interest by virtue of the deed in lieu of foreclosure, or in the alternative, a determination that the method used for this transfer is a forfeiture and the deed in lieu of foreclosure is void under Kentucky law. The complaint does not seek to avoid the Farmers mortgage.

---

[4] Carroll Yates is President of Farmers Deposit Bank.

In response to the complaint, Farmers filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Bankruptcy Rule 7012(b). Doc. 5.

Farmers' arguments are primarily premised on the claim the transfer via the deed in lieu divested the Shaws of any ownership interest in the farm at the time of their Chapter 12 bankruptcy filing; therefore, the farm is not property of the bankruptcy estate. Farmers further argues this court lacks subject matter jurisdiction and the Shaws may not utilize 11 U.S.C. § 544 to avoid the property transfer because the Farmers' mortgage has not merged with the deed in lieu. Accordingly, Farmers believes it continues to hold a first position lien by virtue of the mortgage and neither the Chapter 12 Trustee nor the Shaws can acquire superior rights. Lastly, Farmers contends *Sebastian v. Floyd*, 585 S.W.2d 381 (Ky. 1979), a case cited by the Shaws in support of their position, does not operate to make the deed in lieu an avoidable forfeiture because Farmers is not attempting to take the farm without a foreclosure sale.

At the hearing on the motion to dismiss,[5] the parties disputed whether the Shaws could utilize the § 544 avoidance powers. Farmers asserted the Shaws had notice of the transfer and therefore may not use § 544 to avoid the transfer. The Shaws discounted the notice and argued the operation of § 1203 places them in the shoes of a trustee giving standing to bring this adversary proceeding as debtors in possession having the same rights as a trustee including the utilization of the trustee's avoidance powers under § 544. *See* 11 U.S.C. § 1203. If a trustee would not have notice of the transfer, the Shaws acting as trustee may utilize the avoidance power notwithstanding their own personal knowledge or notice of the transfer. Lastly, the Shaws maintained *Sebastian* is applicable in this case.

The parties agreed to treat the motion to dismiss as a motion for summary judgment. Doc. 13. Farmers filed an answer to the complaint. Doc. 18. The parties filed joint stipulations

---

[5] The Shaws filed a response to the motion to dismiss on September 9, 2011. Doc. 9.

4

of fact, Doc. 19, and attached copies of documents at issue in this proceeding. Plaintiffs[6] jointly filed a cross motion for summary judgment. Doc. 20. Responses were filed and the matter was submitted for decision. Doc. 21 and 22.

As an initial matter, the Shaws do have standing to pursue an avoidance claim under § 544 by virtue of the powers granted them as debtors in possession under § 1203. *See In re Perosio*, No. 06-5867-bk, 2008 WL 2066015 (2d Cir. 2008) (avoidance action brought by Chapter 12 debtors under § 544); *In re Hannah*, 316 B.R. 57, 61 (Bankr. D.N.J. 2004) ("Congress specifically conferred the avoidance powers upon debtors in both Chapter 11 and Chapter 12 cases."). Accordingly, the Shaws have standing under § 1203 to pursue this cause of action.

Farmers argues this court lacks subject matter jurisdiction because the farm is not property of the Shaws' bankruptcy estate. Farmers asserts the transfer via the deed in lieu divested the Shaws of any ownership interest in the farm at the time of their Chapter 12 bankruptcy and the Shaws therefore hold only a possessory interest. However, a possessory interest *is* property of the estate. *See* 11 U.S.C. § 541(a) (estate is comprised of all legal and equitable interests of the debtor in property as of the commencement of the case); *Convenient Food Mart No. 144, Inc. v. Convenient Industries of America, Inc. (In re Convenient Food Mart No. 144, Inc.)*, 968 F.2d 592, 594 (6th Cir. 1992) (a bare possessory interest such as a tenancy at sufferance is "an interest in real property within the scope of the estate in bankruptcy under section 541."); *In re Plastech Engineered Products, Inc.*, 382 B.R. 90, 106 (Bankr. E.D. Mich. 2008) (possessory interest in tooling is sufficient interest to cause the application of the automatic stay).

---

[6]   Chapter 12 Trustee Michael E. Litzinger intervened in this proceeding as a plaintiff by entry of an agreed order with the Shaws. Doc. 15. Trustee Litzinger joined in filing the stipulations and Plaintiffs' response.

Even if Farmers was correct and the Shaws held nothing more than a bare possessory interest in the farm, this interest alone is sufficient for the exercise of subject matter jurisdiction to determine whether the transfer may be avoided.

Farmers' second argument is unpersuasive because it is based entirely on preserving a lien unchallenged in this adversary proceeding. The Shaws expressly state in the complaint they are not seeking the avoidance of the Farmers' mortgage lien, but only avoidance of the property transfer by virtue of the deed in lieu of foreclosure. Doc. 1, ¶ 22. The relevant question, therefore, is not whether a trustee would have notice of the recorded mortgage, but rather, whether the trustee would have notice of the unrecorded deed in lieu.

Farmers' final argument is *Sebastian* does not operate to make the deed in lieu akin to a forfeiture clause in violation of Kentucky law. Plaintiffs take the position *Sebastian* can be interpreted to make the deed in lieu an avoidable transfer because it is akin to a forfeiture clause. Farmers argues it is doing exactly what *Sebastian* requires because Farmers is pursuing a foreclosure sale. Farmers maintains, "[t]his is NOT a situation where the Defendant took back the property, while keeping the payments made under the Settlement Agreement, without giving the Shaws credit for the value of the property." Doc. 6, p. 17.

The transfer at issue in *Sebastian* involved a land sale contract with a clause providing for forfeiture of the buyer's payments and repossession of the property by the seller on buyer's default. *Sebastian*, 585 S.W.2d at 382. The Kentucky Supreme Court held land sale contracts must be treated like conventional mortgages and a judicial sale of property is required in the event of a default. The forfeiture clause in the contract was deemed unenforceable and the seller in *Sebastian* was required to seek a judicial sale of the property. *Id.* at 384. The court determined this approach protected the interests of both buyer and seller. *Id.* at 383.

The seller in *Sebastian* took the position the forfeiture clause and the purchaser's default allowed the seller to retain ownership of the property and all the payments made by the

6

purchaser. Here, the parties freely negotiated the settlement wherein Farmers agreed to accept $290,000.00 plus interest in full settlement of its promissory note and mortgage. The payments made by the Shaws were credited to their account; paying interest and reducing the principal balance of the debt. Under the terms of the deed, delivery of the deed represented "the full consideration paid for the property" and on acceptance of the deed the Shaws' mortgage obligation should have been credited $184,000.00, as provided in the consideration certificate as completed by Farmers' agent. Farmers' agent then signed the deed for the "sole purpose of certifying the consideration pursuant to KRS Chapter 382." Acceptance of the deed would result in Farmers crediting the Shaws' account in the amount of $184,000.00. The terms of the settlement and deed do not result in a forfeiture; therefore *Sebastian* offers no support for either party's position.

According to Farmers, no reduction in the principal balance was credited to the Shaws for the deed in lieu because there was no sale of the farm. Farmers maintains the balance of the Shaws' account will be credited after the foreclosure sale, but the Shaws are not entitled to any credit at the time the bankruptcy case was filed because there was no merger of title. By Farmers' own admission, any credit the Shaws receive will be based on satisfaction of the note secured by the mortgage, not pursuant to the transfer of the deed in lieu.

Farmers' position may be summarized as follows: 1) Farmers has ownership of the farm pursuant to the deed in lieu of foreclosure, 2) Farmers has the right to retain all payments made under the settlement agreement, 3) Farmers credited the Shaws' account for the settlement payments, but 4) Farmers will not credit the Shaws for the value of the farm until Farmers receives proceeds from the foreclosure sale.

Farmers' position is untenable.

In Kentucky, a deed is a proper means of conveying real property. *Howell v. Herald*, 197 S.W.3d 505, 509 (Ky. 2006). A valid deed requires (1) the presence of a grantor and grantee;

(2) a delivery and an acceptance; and (3) a divesting of title by the grantor and a vesting of title in the grantee. *Haynes v. Barker*, 239 S.W.2d 996, 997 (Ky. 1951). If any element is lacking, the attempted conveyance is void. *Id.*

Clearly, in this case there is a grantor and grantee. For the second and third elements there must be a delivery and an acceptance.

Delivery is the grantor's act of divesting himself of ownership. *Hardin v. Kazee*, 38 S.W.2d 438, 440 (Ky. 1931). Acceptance is the act by which the grantee vests himself with title to the property. *Id.* "If the intention of the parties is that by the deed the grantor intends to divest himself of title and the grantee intends to accept it upon the terms contained in it, and both parties treat is as complete, it will be deemed in law to have been so accepted." *Id.* citing *Interstate Investment Co. v. Bailey*, 93 S.W. 578 (Ky. 1906); *Shoptaw v. Ridgway*, 60 S.W. 723 (Ky. 1901); *Ward v. Small's Adm'r.*, 13 S.W. 1070 (Ky. 1890); *Bunnell v. Bunnell*, 65 S.W. 607 (Ky. 1901); *Sasseen v. Farmer*, 201 S.W. 39 (Ky. 1918); *Sullivan v. Sullivan*, 201 S.W. 24 (Ky. 1918).

Delivery of a deed involves a meeting of the minds to "consummate and give effect to the transaction" and a transfer or other overt action of both parties. *Slayden v. Johnson*, 178 S.W.2d 36, 38 (Ky. 1944). A deed may be delivered to a third party with the intention that the grantee should have the benefit of the deed. *Howell v. Herald*, 197 S.W.3d at 510 citing *Noffsinger v. Noffsinger*, 197 S.W.2d 785 (Ky.1946). The intention to make the delivery is the controlling factor. *Id.*

Farmers and the Shaws evidenced their meeting of the minds in reducing the terms of their settlement to writing and having the document signed by each party and their respective counsel. The preparation of the deed provided further evidence of a meeting of the minds. The giving of the deed to the escrow agent was sufficient under Kentucky law to constitute an overt act as required for a valid delivery of a deed. *Slayden v. Johnson*, 178 S.W.2d at 38 ("delivery

may be made through an agent of the grantor or to a third person for the benefit of the grantee provided that was the intention of the grantor and the stranger is actually or constructively the agent of the grantee."). The Shaws parted with control of the deed as a matter of intention and of action when the deed in lieu was given to the escrow agent.

While a grantor must deliver a deed, there must also be an intention to accept the conveyance on the part of the grantee. *Id.* A deed must be accepted in order to pass title. *Fitzpatrick v. Layne*, 165 S.W.2d 13, 18 (Ky. 1942). The acceptance may be constructive or it may be ratified, *Slayden v. Johnson*, 178 S.W.2d at 38, but a deed may not be partially accepted for the purpose of conveying title yet not give effect to its conditions, recitals and limitations. *Hardin v. Kazee*, 38 S.W.2d at 440.

The parties stipulate the deed was delivered to Farmers "on or about August 1, 2010." Doc. 19, ¶ 11. On receipt of the deed and after a subsequent title search, Farmers' actions did not evidence an intent to vest title in Farmers. Farmers failed to credit the Shaws' account for the value Farmers' agent inserted in the consideration certificate.

Farmers' revival of the state court foreclosure lawsuit strongly contradicts Farmers' acceptance of the deed. Farmers argues the farm is not property of the estate because it was transferred via the deed in lieu, but then argues this is not a situation where Farmers has taken back the property without a judicial sale. Farmers cannot have it both ways. Ownership of the property either vested in Farmers through the deed in lieu of foreclosure or it did not. If Farmers accepted the deed and now owns the property, pursuing a foreclosure sale is an unnecessary exercise.

A deed becomes operative by the mutual intention and actions of the grantor and grantee in delivering and accepting the deed. *Slayden v. Johnson*, 178 S.W.2d 36, 38 (Ky. 1944). "Whether the grantee will be deemed to have accepted a deed or not is a question to be determined from his acts and his intentions." *Ward v. Rittenhouse Coal Co.*, 153 S.W. 217,

220 (Ky. 1913). The grantee must have an intention to accept the conveyance. *Slayden v. Johnson*, 178 S.W.2d at 38.

Here, Farmers as the grantee, has not shown an intention to accept the deed. Farmers' actions, in fact, show a contrary intention. "[Farmers] chose not to file the Deed in Lieu of Foreclosure, but instead, [chose to] reactivate the foreclosure [Farmers] had originally instituted." Doc. 1, Ex. 1, Yates Affidavit, ¶ 12.

As the name implies, a deed in lieu of foreclosure eliminates the need for a lawsuit because the grantor voluntarily transfers ownership of the property to the secured party. Farmers has not accepted the deed in lieu of foreclosure, therefore title to the property remains vested with the Shaws.

The Court shall enter a separate order of judgment consistent herewith.

Copies to:
Thomas L. Canary, Jr., Esq.
W. Thomas Bunch, II, Esq.
Michael E. Litzinger, Esq., Chapter 12 Trustee

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

***The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.***



**Signed By:**
*Joseph M. Scott, Jr.*
**Bankruptcy Judge**
**Dated: Monday, April 09, 2012**
(jms)